UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JUDITH A. ROBERTS,                                                                                      Plaintiff,

v.                                                                                  Civil Action No. 3:18-cv-57-DJH-LLK

COMMISSIONER OF SOCIAL SECURITY,                                                          Defendant.

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Judith Roberts filed this action seeking review of the Commissioner of Social Security's decision to deny her application for disability-insurance benefits. (Docket No. 1) The case was referred to Magistrate Judge Lanny L. King for report and recommendation. Judge King issued his Findings of Fact, Conclusions of Law, and Recommendation on January 1, 2019, recommending that the Commissioner's decision be affirmed and that Roberts's complaint be dismissed. (D.N. 24) Roberts timely filed an objection to Judge King's report and recommendation. (D.N. 27) After careful consideration, the Court will overrule the objection and adopt Judge King's Findings of Fact, Conclusions of Law, and Recommendation.

**I.     BACKGROUND**

On June 27, 2014, Roberts filed an application for disability-insurance benefits asserting that she was unable to work due to her post-traumatic stress disorder, obsessive compulsive disorder, social phobia, anxiety, panic attacks, poor memory and concentration, and paranoia. (D.N. 1, PageID # 2; D.N. 13-2, PageID # 121) The Commissioner denied the application on August 20, 2014, and again on October 3, 2014. (D.N. 1, PageID # 2) Roberts thereafter filed a request for a hearing before an administrative law judge. (*Id.*) On August 25, 2016, the ALJ issued an opinion denying Roberts's claims, finding that Roberts has the residual functional capacity to

perform a "full range of work at all exertional levels" with some nonexertional limits. (D.N. 13-2, PageID # 65) The ALJ also found that considering Roberts's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (*Id.*, PageID # 69) The appeals council denied Roberts's request for review. (D.N. 1, PageID # 2)

Roberts filed this action on January 26, 2018, challenging the Commissioner's denial of her claims. (D.N. 1) The Court referred the matter to Magistrate Judge Lanny L. King, who recommended that the Commissioner's decision be affirmed and that Roberts's complaint be dismissed with prejudice. (D.N. 24) Roberts timely filed objections to Judge King's recommendation. (D.N. 27)

## II. STANDARD

When a party objects to a report and recommendation, the Court reviews de novo only those portions of the report to which objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may adopt without review any portion of the report to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Skaggs v. Berryhill*, No. 3:17-CV-631-DJH-LLK, 2018 WL 4219194, at *2 (W.D. Ky. Sept. 5, 2018). Accordingly, the Court will review de novo only the portion of Judge King's recommendation to which Roberts objects.

The Commissioner has promulgated regulations setting forth a five-step sequential process for evaluating whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). Only step five is at issue here. (D.N. 24; D.N. 27) Having already concluded that a claimant cannot perform past relevant work due to her impairment, at step five, the ALJ considers the claimant's residual functioning capacity (RFC) with her age, education, and work experience to determine whether she can perform any other work. 20 C.F.R. § 404.1520(g). If the claimant cannot perform any

other work, the Commissioner will find that she is disabled. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

"In reviewing an ALJ's decision, the Court asks 'whether it is supported by substantial evidence and was made pursuant to proper legal standards.'" *Skaggs*, 2018 WL 4219194, at *3 (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted)). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241. The Court must affirm the ALJ's decision if it is supported by substantial evidence. *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 466 (6th Cir. 2017) (citations omitted). "The findings of the [ALJ] are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Comm'r of Soc. Sec.*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.").

## III. DISCUSSION

Roberts objects to Judge King's conclusion that the ALJ's RFC findings were supported by substantial evidence. (D.N. 27, PageID # 908) Roberts first contests the ALJ's finding that her mental health is stable. (D.N. 13-7, PageID # 369-70) Roberts asserts that the ALJ incorrectly looked to treatment goals rather than descriptions of her current functioning. (D.N. 27, PageID # 909) But the ALJ cited portions of Kimberly Busbey and psychiatrist Navinchandra Shah's

records that do show Roberts's functioning was stable.[1]  (D.N. 13-2, PageID # 66; D.N. 13-7, PageID # 595, 599, 603, 607, 612, 622; D.N. 13-8, PageID # 666, 680, 694, 700, 823-39) Contrary to Busbey's assessment, the description of Roberts's health in Busbey's records is consistent over the term of treatment.  (D.N. 13-7, PageID # 595, 599, 603, 607, 612, 622)  The ALJ, then, did not err in finding that Roberts's medical records showed stable functioning because the evidence reasonably supports such a conclusion.  *See Buxton*, 246 F.3d at 772; *see also Her*, 203 F.3d at 389-90.

The ALJ explained why she gave little weight to Busbey's assessment.  (D.N. 13-2, PageID # 68; D.N. 13-7, PageID # 369-70; D.N. 24, PageID # 899)  *See* Social Security Ruling (SSR) 06-03p, 2006 WL 2329939, at *2.  Busbey only worked with Roberts for a short period of time, which did not allow Busbey's opinion to reflect the impact of treatment.  (D.N. 13-2, PageID # 68)  As discussed above, Busbey's records showed that Roberts's functioning was stable (D.N. 13-7, PageID # 595, 599, 603, 607, 612, 622), as did medical records provided by Dr. Shah.  (D.N. 13-8, PageID # 823-39)  Finally, Judge King noted that Busbey is a licensed clinical social worker whose opinions are not acceptable medical sources.  (D.N. 24, PageID # 898 (citing SSR 06-03p, 2006 WL 2329939, at *2))  Judge King concluded that the ALJ adequately explained her decision to discount Busbey's opinions.  (D.N. 24, PageID # 898-99)  *See* SSR 06-03p, 2006 WL 2329939, at *2.  This Court agrees that substantial evidence supported the ALJ's decision to give little weight to Busbey's assessment.

Roberts next cites portions of the record that conflict with the ALJ's RFC findings.  (D.N. 27, PageID # 910)  However, the mere presence of contrary evidence does not warrant reversal of

---

[1] The pages of Busbey's records pertaining to treatment goals that Roberts cited were not, in fact, cited by the ALJ; the ALJ referenced pages regarding Roberts's current functioning.  (D.N. 13-2, PageID # 66; D.N. 27, PageID # 909)

the ALJ's decision; if the ALJ's decision is supported by substantial evidence, the Court must defer to the ALJ. *Staymate*, 681 F. App'x at 466; *Blakley v. Comm'r*, 581 F.3d 399, 406 (6th Cir. 2009). Here, the ALJ's decision was supported by and clearly identifies substantial evidence supporting her RFC finding. (D.N. 13-2, PageID # 65-68) Dr. Shah's medical records (D.N. 13-7, PageID # 570), Busbey's records (D.N. 13-7, PageID # 595, 599, 603, 607, 612, 622), the vocational expert opinion (D.N. 13-3, PageID # 129-33), and state agency opinions (D.N. 13-3, PageID # 125-32) support the ALJ's findings. The evidence cited by Roberts does not justify overruling the ALJ's decision. *See Buxton*, 246 F.3d at 772.

Last, Roberts contends that the ALJ should have given more weight to her consistently low global assessment of functioning (GAF) scores. (D.N. 27, PageID # 911-12) However, the Court is "not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score in the first place." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 511 (6th Cir. 2006). "If other substantial evidence . . . supports the conclusion that [Roberts] is not disabled, the court may not disturb the denial of benefits to a claimant [with a low] GAF score." *Id.* Additionally, vocational expert reports regarding a claimant's ability to work can justify giving little weight to a low GAF score. *Id.* at 511-12. Here, the ALJ noted Roberts's low GAF scores but explained that they deserved little weight because they were inconsistent with the records of both Dr. Shah and Busbey as well as the vocational expert's opinion. (D.N. 13-2, PageID # 68; *see* D.N. 13-3, PageID # 124-31; D.N. 13-7, PageID # 570; D.N. 13-8, PageID # 825) The ALJ's decision to give the GAF scores little weight was therefore supported by substantial evidence. *See Kornecky*, 167 F. App'x at 511; *see also Staymate*, 681 F. App'x at 466.

## IV. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The Findings of Fact, Conclusions of Law, and Recommendation of Magistrate Judge Lanny King (D.N. 24) are **ADOPTED** in full and **INCORPORATED** by reference herein.

(2) Roberts's objection (D.N. 27) is **OVERRULED**.

(3) A separate judgment will be entered this date.

March 7, 2019

**David J. Hale, Judge**
**United States District Court**